UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.         -CIV-

GUILLERMO GONZALEZ,

   Plaintiff,

v.

TELSEC CORP.,
a Florida corporation and MANUEL JIMENEZ,
individually,

   Defendants.

_____/

## COMPLAINT

Plaintiff, GUILLERMO GONZALEZ, (hereinafter Plaintiff) by and through his undersigned attorney, and hereby sues Defendants, TELSEC CORP., a Florida corporation that is doing business in Florida, and MANUEL JIMENEZ, individually (collectively, the "Defendants") as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs, and attorney's fees for willful violations of overtime wages under the laws of the United States, the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

## PARTIES

2. The Plaintiff, GUILLERMO GONZALEZ is an adult male who presently resides in Broward County, Florida.

3. Defendant, TELSEC CORP., a privately owned Florida corporation, did at all times materially, conduct substantial and continuous business in the Southern District of Florida. TELSEC CORP. is located at 6601 SW 43rd Street, Miami, FL 33155.

4. Defendant, MANUEL JIMENEZ owned, managed, and/or operated TELSEC CORP., regularly exercised the authority to hire and fire employees, determine work schedules of employees, set the rate of pay for employees, and controls the finances and operations of TELSEC CORP.

5. The Defendants are an enterprise engaged in an industry affecting interstate commerce, are "employer[s]" as defined by 29 U.S.C. § 203(d) and s(1), in that they have employees engaged in interstate commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

6. Based upon information and belief, the annual gross sales volume of the Defendants' entity was in excess of $500,000.00 per annum at all times material hereto.

7. At all times material hereto, the Plaintiff is and continues to be a resident of Broward County, Florida and was an "employee" of the Defendants within the meaning of the FLSA.

8. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by the Defendants.

9. At all times material hereto, the Defendants are and continue to be an "employer" within the meaning of the FLSA.

10. At all times material, during the Plaintiff's employment with the Defendants, the Defendants were engaged in interstate commerce or in the production of goods for

commerce. The Defendants continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

## JURISDICTION AND VENUE

11. This Court has original subject matter jurisdiction over this suit pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

12. Venue is proper in the United States District Court for the Southern District of Florida under 28 U.S.C § 1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district and payment was due in Miami-Dade County.

## FACTUAL ALLEGATIONS

13. On or about February of 2019, the Plaintiff was hired by TELSEC CORP. as a Security Officer.

14. The Plaintiff should have been paid on an hourly, non-exempt rate during the entire course of his employment with the Defendants.

15. In many weeks, the Plaintiff worked in excess of forty (40) hours per week but was not paid at the rate of time-and-one-half his regular hourly rate. Therefore, the Defendants failed to pay the Plaintiff an overtime rate when working in excess of forty (40) hours a week.

16. The Plaintiff was paid at a rate of $10.00 per hour and worked approximately two thousand seven hundred thirty (2,730) overtime hours during the period from November 17, 2019, to August 11, 2021.

17. The Plaintiff is still owed for his overtime work completed from November 17, 2019, to August 11, 2021.

18. The evidence provided to the undersigned makes it clear that the Plaintiff is owned approximately $13,650.00 in unpaid overtime wages by the Defendants.

19. Employers are required to keep records of hours worked each day and each work week. Failure to keep such records is wrongful. Therefore, we make the presumption that the Defendants have these records showing the hours worked by the Plaintiff for the duration of his employment with the Defendants.

20. The Plaintiff made multiple requests about the payment for one and one-half times of his regular working hourly rate to TELSEC CORP. and MANUEL JIMENEZ because he was not being paid overtime.

21. On or about August 11, 2021, the Plaintiff ceased working for TELSEC CORP AND MANUEL JIMENEZ.

## COUNT I
### Violation of 29 U.S.C. § 207 (Unpaid Overtime)
*(Against TELSEC CORP.)*

22. The Plaintiff re-alleges and reincorporates paragraphs 1-21 as fully alleged therein.

23. As of February of 2019, in addition to the Plaintiff's normal, regular work week, the Plaintiff worked additional hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half.

24. The Plaintiff was entitled to be paid at the rate of time and one-half for the hours worked in excess of the maximum hours provided for in the FLSA.

25. TELSEC CORP. failed to pay the Plaintiff's overtime compensation in the lawful amount for hours worked by the Plaintiff in excess of the maximum hours provided for in the FLSA.

26. At all times, TELSEC CORP. willfully employed the Plaintiff for many work weeks longer than forty (40) hours and failed and refused to compensate him for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rate at which he was employed.

27. As a result of the unlawful acts of TELSEC CORP., the Plaintiff has been deprived of wages in amounts to be determined and is entitled to recovery of liquidated damages in the same amount, plus reasonable attorneys' fees and costs.

28. TELSEC CORP. remains owing the Plaintiff overtime wages, and the Plaintiff is entitled to recover double damages pursuant to the FLSA.

29. Records, if any, concerning the number of hours worked by the Plaintiff and the actual compensation paid to him are in the possession and custody of TELSEC CORP.

30. TELSEC CORP. knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate the Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

31. TELSEC CORP. failed to properly disclose or apprise the Plaintiff of his rights under the FLSA.

32. As a direct and proximate result of TELSEC CORP 's willful disregard of the FLSA, the Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

33. The Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiff, GUILLERMO GONZALEZ respectfully request that judgment be entered in his favor against Defendant, TELSEC CORP.:

a. Declaring that TELSEC CORP. has violated the maximum hour provisions of 29 U.S.C. § 207;

b. Awarding the Plaintiff overtime compensation in the amount calculated;

c. Awarding the Plaintiff liquidated damages in the amount calculated;

d. Awarding the Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding the Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just.

### COUNT II
### Violation of 29 U.S.C. § 207 (Unpaid Overtime)
### (*Against MANUEL JIMENEZ*)

34. The Plaintiff re-alleges and reincorporates paragraphs 1-21 as fully alleged therein.

35. As of February of 2019, in addition to the Plaintiff's normal, regular work week, the Plaintiff worked additional hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half.

36. The Plaintiff was entitled to be paid at the rate of time and one-half for the hours worked in excess of the maximum hours provided for in the FLSA.

37. MANUEL JIMENEZ failed to pay the Plaintiff's overtime compensation in the lawful amount for hours worked by the Plaintiff in excess of the maximum hours provided for in the FLSA.

38. At all times, MANUEL JIMENEZ willfully employed the Plaintiff for many work weeks longer than forty (40) hours and failed and refused to compensate the Plaintiff for such

work in excess of forty (40) hours at rates no less than one and one-half times the regular rate at which he was employed.

39. As a result of the unlawful acts of MANUEL JIMENEZ, the Plaintiff has been deprived of wages in amounts to be determined and is entitled to recovery of liquidated damages in the same amount, plus reasonable attorneys' fees and costs.

40. Manuel Jimenez remains owing the Plaintiff overtime wages, and the Plaintiff is entitled to recover double damages pursuant to the FLSA.

41. Records, if any, concerning the number of hours worked by the Plaintiff and the actual compensation paid to him are in the possession and custody of MANUEL JIMENEZ. MANUEL JIMENEZ knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate the Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when he knew or should have known such was due.

42. MANUEL JIMENEZ failed to properly disclose or apprise the Plaintiff of his rights under the FLSA.

43. As a direct and proximate result of MANUEL JIMENEZ willful disregard of the FLSA, the Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

44. The Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiff, GUILLERMO GONZALEZ respectfully request that judgment be entered in his favor against Defendant, MANUEL JIMENEZ:

g. Declaring that Manuel Jimenez has violated the maximum hour provisions of 29 U.S.C. § 207;

h. Awarding the Plaintiff overtime compensation in the amount calculated;

i. Awarding the Plaintiff liquidated damages in the amount calculated;

j. Awarding the Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

k. Awarding the Plaintiff post-judgment interest; and

l. Ordering any other and further relief this Court deems to be just.

## DEMAND FOR JURY TRIAL

A jury trial is demanded on all issues triable by jury.

Date: November 16, 2021.

Respectfully Submitted,

**GALLARDO LAW OFFICE, P.A.**
*Attorney for the Plaintiff*
8492 SW 8th Street
Miami, Florida 33144
Telephone (305) 261-7000
Facsimile (786) 261-0088

By: /s/ *Elvis J. Adan*
Elvis J. Adan, Esq.
Florida Bar No. 24223
Email: elvis.adan@gallardolawyers.com