UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 21-cv-24036-CMA

GUILLERMO GONZALEZ,

    Plaintiff,

v.

TELSEC CORP., a Florida corporation,
and MANUEL JIMENEZ,

    Defendants.
_____/

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by Plaintiff, GUILLERMO GONZALEZ, including his heirs, executors, administrators, representatives, attorneys, agents, insurers, successors, and assigns ("Plaintiff"), and Defendants, TELSEC CORP., and GUILLERMO GONZALEZ, including their past and present principals, predecessors, successors and assigns, parent corporations, subsidiary corporations, affiliated corporations, attorneys, insurers and agents, heirs, executors, administrators, representatives, attorneys, agents, insurers, successors, and assigns (all in their representative and individual capacities) (collectively, "Defendants") (Plaintiff and Defendants may be collectively referred to herein as the "Parties").

WHEREAS, on or about November 17, 2021, Plaintiff initiated this action by filing a Complaint against Defendants claiming violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. ("FLSA") (the "Lawsuit" or "Action");

WHEREAS, the Defendants deny any and all wrongdoing and liability to Plaintiff whatsoever in connection to the Lawsuit, and denied and continue to deny each and all of the claims asserted by Plaintiff in the Lawsuit; and

WHEREAS, the Parties prefer to avoid the uncertainty and expense of further litigation and believe that their interests will be best served by the settlement and dismissal of this Action, with prejudice, and have concluded that the terms of this Agreement are fair, reasonable, and adequate.

NOW, THEREFORE, in consideration of their mutual promises and other good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1. Dismissal of Action with Prejudice. In exchange for the consideration set forth in Paragraph 2 of this Agreement, Plaintiff agrees to dismiss this Action with prejudice. Plaintiff will authorize his attorneys to execute on Plaintiff's behalf the Joint Motion for Approval of Settlement Agreement and Dismissal of Action With Prejudice ("Joint Motion") that is attached to this Agreement as Exhibit 1. Upon approval by the U.S. District Court, the Joint Motion will thereby dismiss this case with prejudice with each party bearing its own fees and costs, except to the extent expressly provided in this Agreement. The Joint Motion will be filed within three (3) business days after approval of this Agreement by Plaintiff and all Defendants.

2. Consideration. In consideration for signing this Agreement and compliance with the promises made herein, Defendants agree to pay the total sum of **Seven Thousand Five Hundred Dollars and 00/100 Cents (US$7,500.00)**, inclusive of attorney's fees and costs (the "Settlement Funds"). The Settlement Funds shall be allocated as follows:

2

a. One (1) payment in the amount of $5,000.00, less applicable tax withholdings, issued to "Guillermo Gonzalez", in full satisfaction of any and all claims that Plaintiff has or may have, known or unknown, for unpaid wages, including overtime and back pay. An IRS Form W-2 shall be issued to Plaintiff which reflects this sum;

b. One (1) payment in the amount of $2,500.00 less no withholdings, issued to "Gallardo Law Office, P.A." (Federal Tax ID No. _____), as full and final settlement of Plaintiff's attorneys' fees and costs.

c. The Payment Plan for the Settlement Funds is as follows:

   i. Within ten (10) calendar days of the Court approving this Settlement and dismissing this Action, Defendants shall tender the Settlement Funds to the law offices of Plaintiff's counsel.

3. **Adequate Consideration**. Plaintiff accepts the rights, benefits, and protections provided herein as consideration in full and complete satisfaction and release of the claims asserted by Plaintiff in this action brought under the FLSA. Plaintiff agrees and acknowledges that the payments accepted in exchange for dismissal of this action, the release of claims, and the other promises made herein constitutes adequate consideration.

4. **Indemnification**. Plaintiff acknowledges and agrees that it shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions, and that the amount of back wages paid to Plaintiff, if any, will be reported to Plaintiff by Defendant, Telsec Corp., on Internal Revenue Service ("IRS") Form W-2. Plaintiff shall indemnify and hold harmless the Defendants, their directors, officers, owners, attorneys, employees, subsidiaries and affiliates

from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against the Defendants by any person or entity relating, directly or indirectly, to the monies received by Plaintiff hereunder as wages and/or other compensation, including, without limitation, Plaintiff, the IRS, Department of Revenue or any other person, except as to any tax withholdings that the Defendants could be found legally liable for Plaintiff with regards to Plaintiff's entire employment period with the Defendants, if any. However, Plaintiff does not agree to be held liable for any tax withholdings or other taxes that Defendants were legally obligated to pay for Plaintiff's entire employment period, if any.

5. Release and Waiver of Claims. Plaintiff hereby releases, acquits, and forever discharges the Defendants from all claims arising out of Plaintiff's employment with Defendant, Telsec Corp., from the beginning of time through the date of this Agreement, whether arising under state or federal law, including but not limited to claims for unpaid wages or overtime, and any other claims as were set forth, or which could have been set forth, in the above-referenced Action.

6. No Assignment of Claims. Plaintiff represents that he has not heretofore assigned or transferred, or purported to have assigned or transferred, to any entity or person, any dispute released by Plaintiff herein.

7. No Admission of Liability Or Wrongdoing. It is understood and agreed that this Agreement is entered into and offered by way of compromise of disputed claims and that this Agreement and any payments made pursuant to this Agreement are not to be construed as an admission of liability or wrongdoing by the Defendants.

8. Effective Date. This Agreement will become effective and enforceable upon approval by the United States District Court for the Southern District of Florida where the Action was filed.

4

9. <u>Governing Law and Interpretation</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, and where applicable, federal laws. The language of this Agreement shall be construed as whole, according to its fair meaning, and not strictly construed for or against either party. The United States District Court for the Southern District of Florida shall retain jurisdiction to enforce the terms of this Agreement.

10. <u>Entire Agreement</u>. This Agreement and its attachments set forth the entire agreement between the parties concerning this Action and supersede any and all prior agreements or understandings between the Parties.

11. <u>Amendment</u>. This Agreement may not be amended except by a written agreement signed by the Parties or signed by their respective administrators, trustees, personal representatives, or successors.

12. <u>Headings</u>. Section headings are used in this Agreement for ease of reference only and shall not affect the meaning of any provision of this Agreement.

13. <u>Completeness of Agreement</u>. This Agreement constitutes a complete integration of the agreement between the parties and supersedes any and all prior oral or written representations, understandings or agreements among or between them.

14. <u>Counterparts</u>. This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original but all of which together will constitute one and the same instrument.

AGREED TO:

   IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement as of the date(s) set forth below:

   [Remainder of Page Intentionally Left Blank; Signature Page Follows]

**TELSEC CORP.**

By: _[signature]_

Name: Manuel A. Jimenez

Title: President

Date: 12/8/2021

_[signature]_
**MANUEL JIMENEZ**

Date: 12/8/2021

_[signature]_
**GUILLERMO GONZALEZ**

Date: 12/7/21

*[END OF DOCUMENT]*

6