UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-24036-CIV-ALTONAGA

**GUILLERMO GONZALEZ**,

      Plaintiff,
v.

**TELSEC CORP.**, *et al.*,

      Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court upon the parties' Joint Motion for Approval of Settlement Agreement and Dismissal of Action with Prejudice [ECF No. 8], filed on December 8, 2021. The parties seek approval of their proposed Settlement Agreement [ECF No. 8-1], which includes a provision for the award of attorney's fees. The Court has carefully considered the Motion, Agreement, record, and applicable law. For the following reasons, the Motion is denied.

Before a court may approve a compromised settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *See Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1354–55 (11th Cir. 1982). In making the requisite fairness determination, the Court considers the following factors: "(1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *Mason v. Wyndham Vacation Ownership, Inc.*, Case No. 6:10-cv-1805,

2012 WL 570060, at *1–2 (M.D. Fla. 2012) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)).

Factors the Court considers in determining whether requested attorney's fees are reasonable include:

1) the time and labor required;
2) the novelty and difficulty of the questions;
3) the skill requisite to perform the legal service properly;
4) the preclusion of other employment by the attorney due to the acceptance of the case;
5) the customary fee;
6) whether the fee is fixed or contingent;
7) time limitations imposed by the client or the circumstances;
8) the amount involved and the results obtained;
9) the experience, reputation and ability of the attorneys;
10) the "undesirability" of the case;
11) the nature and length of the professional relationship with the client; and
12) awards in similar cases.

*See Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1340 n.7 (11th Cir. 1999) (citation omitted).

The parties have agreed to settle this lawsuit for $7,500.00. (*See* Settlement Agreement 2). That total breaks down to $5,000.00 to Plaintiff for unpaid wages; and $2,500.00 to Plaintiff's counsel for attorney's fees and costs. (*See id.* 3).

Regarding the attorney's fees and costs, neither the Motion nor the Agreement includes affidavits or exhibits detailing the number of hours Plaintiff's counsel worked on this case, the description of the work done for those hours, and what hourly rates were used to calculate reasonable fees. (*See generally id.*; Mot.). Without that information, the Court cannot scrutinize the reasonableness of the attorney's fees and costs awarded under the Agreement. The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged

employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). The "FLSA provides for *reasonable* attorney's fees; the parties cannot contract in derogation of [the] FLSA's provisions. . . . To turn a blind eye to [a] . . . fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to [the] FLSA's provisions for compensating the wronged employee." *Id.* at 351–52 (emphasis and alterations added; citations omitted).

As the Motion and Agreement fail to adequately explain or describe the amount of Plaintiff's attorney's fees and costs, the Court cannot find the Agreement fair and reasonable and thus cannot grant the Motion. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The Joint Motion for Approval of Settlement Agreement and Dismissal of Action with Prejudice **[ECF No. 8]** is **DENIED without prejudice**.

2. The parties must submit a revised motion — with a proposed order and affidavits or exhibits regarding attorney's fees and costs — that conforms to the FLSA by **December 15, 2021**.

**DONE AND ORDERED** in Miami, Florida, this 9th day of December, 2021.

_____
**CECILIA M. ALTONAGA
CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record